## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RANDOLPH CLUNN,**

       **Plaintiff,**

                           **CASE NO.: 8:23-cv-2063**

**v.**

**OFFICER JUSTIN BUIS,**
**Individually;**
**CITY OF CLEARWATER,**

       **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RANDOLPH CLUNN, by and through the undersigned attorney, hereby files this complaint and demand for jury trial against Defendants, OFFICER JUSTIN BUIS (BUIS) and CITY OF CLEARWATER (CITY), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, and Florida wrongful death law.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule

1.02(b)(4).

3.     Venue is proper in this district because it is where the events complained of occurred.

4.     This is an action for damages which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5.     Plaintiff has filed a timely Notice of Claim with Defendant as well as the Department of Financial Services pursuant to Section 768.28, Florida Statutes, regarding Plaintiff's state tort claims against Defendants. Resolution attempts have failed.

6.     Defendant CITY OF CLEARWATER has waived its sovereign immunity by virtue of Section 768.28, Florida Statutes.

7.     The incident that gives rise to this action occurred in Clearwater, Pinellas County, Florida.

## PARTIES

8.     At all times material to this action, Plaintiff, RANDOLPH CLUNN, was a resident of Hillsborough County, Florida.

9.     Defendant, OFFICER BUIS, was at all times relevant to this Complaint duly appointed and acting as an Officer with the Clearwater Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the

Clearwater Police Department. Defendant, OFFICER BUIS, is sued in his individual capacity.

10.    Defendant, CITY OF CLEARWATER, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the Clearwater Police Department. Defendant, CITY OF CLEARWATER, receives federal funds.  Defendant, CITY OF CLEARWATER, by and through its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the CITY OF CLEARWATER and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.  The CITY OF CLEARWATER does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28.

11.    Each and all of the acts of the Defendants and other members of the Clearwater Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the CITY OF CLEARWATER, under the color of law and by virtue of their authority as law

enforcement officers for the Defendant, CITY OF CLEARWATER. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of the decedent's federally protected rights and state law rights, as more particularized herein.

12. The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

## STATEMENT OF FACTS

13. This case demonstrates that people who have possibly committed crimes still deserve to be protected from excessive force by law enforcement.

14. On January 22, 2021, Mr. Clunn was a patron at the Brown Boxer North Beach with his friend, Glenn Paliki.

15. Prior to even placing their orders, Mr. Paliki was asked to leave. Therefore, he and Mr. Clunn departed to the front area outside of the bar.

16. Mr. Clunn was never told to leave.

17. Mr. Clunn and Mr. Paliki re-entered off a patio entrance where one of the bouncers from Brown Boxer opened the gate for them.

18. When a different bouncer observed Mr. Paliki and Mr. Clunn back in the bar, he asked Officer Buis to remove the men. This removal can be witnessed on the security cameras.

19.    Mr. Clunn did not think the removal was justified but retreated off the patio.

20.    Ultimately, Mr. Clunn was outside of the bar when Officer Buis threw him into a potted plant with no justification for the use of force.

21.    Mr. Clunn then got up and sat on a walled area outside of the bar prompting Officer Buis to confront him with his taser. Officer Buis' body cam shows the threatening nature of Buis' extended arm and confirms no verbal warning was given prior to Mr. Clunn being tased.

22.    Officer Buis tased Mr. Clunn in the chest from about 2 or 3 feet away without any warning. Initially, only one of the darts hit Mr. Clunn's right chest, the other missed.

23.    Upon being shot in the right chest, Mr. Clunn stood up dazed, and slowly staggered a few feet toward Mandalay Ave due to the shock delivered to his body.

24.    Despite his staggering disoriented condition, Officer Buis then shot Mr. Clunn again in the back with each barbed dart connecting directly to his back. The second shot immediately knocked Mr. Clunn out where he fell to the ground, unable to brace his impact, hitting his head and splitting his eye open.

25. Mr. Clunn was transported to the hospital where he received 3 stiches just under his left eyebrow. As a result of the excessive force, Mr. Clunn suffered facial, back, and neck trauma.

26. Mr. Clunn was arrested for resisting arrest with violence and disorderly intoxication. As a result of the arrest, Mr. Clunn spent 1 night in jail. All Charges were dismissed on February 9, 2022.

27. The Office of Professional Standards with the Clearwater Police Department found Officer Buis used unnecessary force on Mr. Clunn by utilizing his department-issued Taser contrary to policy. As a result, he was suspended for six days.

## COUNT I
## 42 U.S.C. § 1983 – DEFENDANT OFFICER BUIS
## EXCESSIVE FORCE – PUSH

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 27 above, and further alleges:

29. Defendant, BUIS, under color of law, did intentionally touch or strike Plaintiff when he pushed Mr. Clunn into a potted plant.

30. Plaintiff was not resisting BUIS's actions.

31. The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourth Amendment rights.

32. Defendant, BUIS'S, use of excessive force was unnecessary because

Plaintiff did not commit any crime, posed no threat to any deputies and was not resisting or fleeing any officers at the time the force was used.

33.    Defendant, BUIS failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

34.    Defendant, BUIS', use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

35.    As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment and therapy, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

**COUNT II**
**42 U.S.C. § 1983 – DEFENDANT OFFICER BUIS**
**EXCESSIVE FORCE – TASER**

36.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 27 above, and further alleges:

37.    Defendant, BUIS, under color of law, did intentionally touch or strike Plaintiff when he tased Plaintiff on multiple occasions.

38.     Plaintiff was not resisting BUIS's actions.

39.     The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourth Amendment rights.

40.     Defendant, BUIS', use of excessive force was unnecessary because Plaintiff did not commit any crime, posed no threat to any deputies and was not resisting or fleeing any deputies at the time the force was used.

41.     Defendant, BUIS, failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

42.     Defendant, BUIS, use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

43.     As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment and therapy, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT III –
## 42 U.S.C. § 1983 – DEFENDANT OFFICER BUIS
## FALSE ARREST

44.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 27 above, and further alleges:

45.    Plaintiff was unlawfully seized by Defendant, BUIS, through the intentional use of force and confinement, when Defendant unlawfully arrested Plaintiff on January 22, 2021.

46.    The seizure and arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

47.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

48.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

49.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## STATE LAW CLAIMS

## COUNT IV
## BATTERY AGAINST DEFENDANT, CITY
## (PUSH)

50.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 27 above, and further alleges:

51.     Defendant, BUIS, battered Plaintiff which is actionable against Defendant, CITY, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2013).

52.     The use of force by Defendant, BUIS, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, BUIS, should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

53.     The battery/unnecessary force by Defendant, BUIS, against Plaintiff occurred during the course and scope of his employment as an Officer for the Clearwater Police Department and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

54.     Upon information and belief, BUIS was employed by the CITY and was acting in the course and scope of his employment at the time of the arrest. BUIS was in police uniform during this encounter and effectuating an arrest.

55.     The actions of Defendant, BUIS, constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

56.     As a direct and proximate result of the acts, omissions, and conduct of the Defendant, BUIS, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## COUNT V
## BATTERY AGAINST DEFENDANT, CITY
## (TASER)

57.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 27 above, and further alleges:

58.     Defendant, BUIS, excessively tased Plaintiff which is actionable against Defendant, CITY, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2013).

59.     The use of force by Defendant, BUIS, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, BUIS, should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

60.     The battery/unnecessary force by Defendant, BUIS, against Plaintiff occurred during the course and scope of his employment as a Buis for the Pinellas County City's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

61.    Upon information and belief, BUIS was employed by CITY and was acting in the course and scope of his employment at the time of the arrest. BUIS was in police uniform during this encounter and effectuating an arrest.

62.    The actions of Defendant, BUIS, constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

63.    As a direct and proximate result of the acts, omissions, and conduct of the Defendant, BUIS, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical treatment and therapy, and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## COUNT VI
## FALSE ARREST AGAINST DEFENDANT, CITY

64.    The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 27.

65.    Defendant, BUIS's, actions in holding Plaintiff, against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, CITY

66.    The Defendant, BUIS, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

67.    The actions of Defendant, BUIS, were performed in the course and scope of his employment with the Clearwater Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

68.    As a direct and proximate result of the acts of Defendant, BUIS, Plaintiff was detained, confined in the Pinellas County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

69.    Defendant, BUIS, conduct is actionable against Defendant, CITY, pursuant to § 768.28, Fla. Stat. (2013).

## COUNT VII
## NEGLIGENT HIRING AGAINST DEFENDANT, CITY

70.    The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 27.

71.    Defendant, City, did not exercise reasonable care in hiring Defendant, Buis.

72.    Defendant, Buis, had dangerous tendencies or was incompetent for the job in question.

73.    The City knew or should have known that on March 3, 2017, while employed with the Tallahassee Police Department, Defendant, Buis, tased and battered Sonya Strauss causing her to break her femur.

74.    Defendant, Buis', dangerous tendencies or incompetence would have been apparent to the City had it exercised reasonable care.

75.    As a result of the City's failure to exercise reasonable care, the Plaintiff, Mr. Clunn, suffered injury.

## COUNT VIII
## NEGLIGENT RETENTION AGAINST DEFENDANT, CITY

76.    The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 27.

77.    Defendant, City, employed Defendant, Buis.

78.    Defendant, Buis, exhibited incompetence on multiple occasions during his employment with the City.

79.    Defendant, Buis, was not a competent employee as exhibited by his continued use of excessive force.

80.    On June 8, 2019, Defendant, Buis, was involved in a police shooting which resulted in the death of Bryan Wallace. During a sworn statement following the shooting Buis testified, "I didn't deal with my shooting like I should've."

81. On August 29, 2019, Officer Buis used excessive force on a suspect that was already handcuffed and provided no resistance.

82. Defendant, City, has actual knowledge of the incompetence by Defendant, Buis.

83. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, BUIS, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical treatment and therapy, and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

84. Defendant, City's, negligent retention of Defendant, Buis, was the proximate cause of the plaintiff's injuries.

85. Three members of the Buis family worked for the Clearwater Police Department at the time of the incident. These members include brothers, Steven and Michael Buis, and cousin, Justin Buis. It appears the City did not want to derail the Buis bus despite the plethora of notice that Officer Justin Buis was incompetent.

## DAMAGES

86. Plaintiffs incorporate each and every previous allegation set forth in the general allegations as if fully set forth herein.

87. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional rights were violated, and he suffered injuries and damages. Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

   a. Physical Pain and Suffering of a past, present and future nature;

   b. Medical expenses for bodily injury and mental health conditions

   c. Emotional Pain and Suffering of a past, present and future nature;

   d. Loss of Enjoyment of Life of a past, present and future nature;

   e. Loss of Employment;

   f. Lost Wages

   g. Punitive damages for Count I, II and III;

   h. Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

   i. Statutory and Discretionary Costs;

   j. Attorney's fees where permitted by 42 USC § 1988 or other statutes;

k. All such further relief, both general and specific, to which he may be entitled under the premises.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

**MICHAEL P. MADDUX, P.A.**

*s/Michael P. Maddux*_____
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of September 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*_____
Michael P. Maddux, Esquire