UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDOLPH CLUNN,

    Plaintiff,

v.                                                                                              Case No. 8:23-cv-2063-TPB-CPT

OFFICER JUSTIN BUIS, individually,
and CITY OF CLEARWATER,

    Defendants.
_____/

**ORDER DENYING "DEFENDANT CITY OF
CLEARWATER'S MOTION TO DISMISS"**

This matter is before the Court on "Defendant City of Clearwater's Motion to Dismiss," filed on November 13, 2023. (Doc. 19). On November 30, 2023, Plaintiff Randolph Clunn filed a response in opposition. (Doc. 24). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

This is a case brought against an individual police officer for excessive force and false arrest, and against his employer for battery, false arrest, and negligent hiring and retention. On January 22, 2021, Plaintiff was at the Brown Boxer North Beach, a restaurant and bar in Clearwater, Florida, with his friend, Glenn Paliki.

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Before they placed their orders, Paliki was asked to leave, so the two men departed to the front area outside of the bar.[2] However, the men re-entered the bar off a patio entrance after one of the bouncers opened a gate for them. A different bouncer observed Plaintiff and Paliki back in the bar and asked Officer Justin Buis to remove them. Although Plaintiff did not believe their removal was justified, he again left the bar.

According to Plaintiff, he was outside of the bar when Officer Buis threw him into a potted plant without any justification for the use of force. Plaintiff got up and sat on a walled area outside of the bar, which then prompted Officer Buis to confront Plaintiff with a taser without verbal warning, tasing him from around 2 or 3 feet away. Initially, only one dart hit the right side of Plaintiff's chest, with the other darts missing his body. Plaintiff stood up dazed and slowly staggered a few feet toward the street due to the shock delivered to his body. Officer Buis then tased Plaintiff again – this time in the back – with each barbed dart hitting Plaintiff. The second shot immediately knocked Plaintiff out, and he fell to the ground unable to brace his impact, hitting his head and splitting his eye open. Plaintiff was transported to the hospital where he received three stitches under his left eyebrow. He also suffered facial, back, and neck trauma.

Plaintiff was arrested for resisting arrest with violence and disorderly intoxication, and he spent one night in jail. All charges were dismissed on February 9, 2022. Following an investigation, the Clearwater Police Department's Office of

---

[2] Plaintiff claims that only Paliki was asked to leave.

Professional Standards found that Officer Buis used unnecessary force on Plaintiff by utilizing his department-issued taser contrary to policy.  As a result, Officer Buis was suspended for six days.

Plaintiff now sues Officer Justin Buis, in his individual capacity, for excessive force and false arrest under 42 U.S.C. § 1983 (Counts I, II, and III).  He sues the City of Clearwater for state law violations, including battery (Counts IV and V), false arrest (Count VI), negligent hiring (Count VII), and negligent retention (Count VIII).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

The City of Clearwater has moved to dismiss Counts IV, V, VI, VII, and VIII of the complaint, arguing that (1) the City enjoys sovereign immunity from all state law claims against it, and (2) it cannot be held liable under a theory of negligent hiring or negligent retention where its employee was acting in the course and scope of his employment. Alternatively, the City requests that the Court decline to exercise supplemental jurisdiction over the state law claims asserted against the City and dismiss them without prejudice to Plaintiff's ability to pursue them in state court.

### *Sovereign Immunity*

In the motion, the City argues that all counts against it are precluded by sovereign immunity. "Both federal and Florida law demonstrate that a Florida municipality retains immunity for acts or omissions of its employees that are committed in 'bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'" *Bussey-Morice v. Kennedy*, No. 6:11-cv-970-Orl-36GJK, 2013 WL 71803, at *2 (M.D. Fla. Jan. 7, 2013) (quoting § 768.28(9)(a), *F.S.*). The City contends that because the allegations of the

state law claims show that Officer Buis "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety, or property," Plaintiff's state law claims against the City must be dismissed.

However, the complaint specifically alleges that Officer Buis's actions were made "without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety[,] and property." (Doc. 1 at ¶¶ 53; 60; 67). Even if the Court were to disregard these statements as legal conclusions, the Court is not inclined to determine as a matter of law – at this stage of the proceedings and without a more developed factual record – that the City is entitled to sovereign immunity. After all, "Florida's waiver of sovereign immunity clearly contemplates that an agent can commit a wrongful, and even intentional act and still lack bad faith." *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1344 (M.D Fla. 2017). Considering the factual allegations of the complaint, a reasonable jury could certainly conclude that Officer Buis was not acting in bad faith, with malicious purpose, or in a manner exhibiting willful or wanton disregard for human rights or safety at the time he used force against Plaintiff. *See Hazleton v. City of Orlando*, No. 6:10-cv-342-Orl-35-DAB, 2010 WL 11507191, at *4 (M.D. Fla. Aug. 10, 2010) (denying motion to dismiss official capacity claims because there was fact issue as to application of sovereign immunity). The motion to dismiss is denied as to this ground.

*Negligent Hiring and Retention Claims*

The City also argues that it cannot be held liable under a theory of negligent hiring or negligent retention where its employee was acting in the course and scope of his employment. In Counts VII and VIII, Plaintiff does not specifically aver that Officer Buis was acting outside the scope of his employment.[3]

Plaintiff does not contest the case law cited by the City that requires the actions of Officer Buis to be outside the scope of his employment for the City to be liable for negligent hiring and retention. However, Plaintiff asserts that the complaint contains sufficient factual allegations that if proven true would allow a jury to conclude that the actions of Officer Buis were committed outside the scope of his employment with the City. The Court agrees – the factual allegations are sufficient in that, if proven true, a reasonable jury could find that Officer Buis was acting outside the scope of his employment at the time he used force against Plaintiff. The motion to dismiss is denied as to this ground.

*Supplemental Jurisdiction*

Finally, the City asks the Court to decline to exercise supplemental jurisdiction over the state law claims and permit Plaintiff to refile those claims in

---

[3] In Counts IV, V, and VI, Plaintiff alleges that Officer Buis was acting within the course and scope of his employment. Of course, though, Plaintiff is permitted to plead alternatively in different counts. *See, e.g., Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277-78 (11th Cir. 2006) (acknowledging that Federal Rule of Civil Procedure 8(a) allows a plaintiff to plead in the alternative, and that "separate counts of the complaint must be read separately"); *Hazleton*, 2010 WL 11507191, at *4 ("Thus, while a plaintiff may not ultimately recover from both a state agency and an employee for the same egregious conduct, alternative pleading is permissible, particularly when the trier of fact must determine whether an officer was acting in bad faith or with malicious purpose.").

state court.  Considering the factors set out in 28 U.S.C. § 1367(c), the Court chooses to continue to exercise jurisdiction at this time.  This issue may be revisited, however, should the federal claims in this case be resolved at some point in the future.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant City of Clearwater's Motion to Dismiss" (Doc. 19) is hereby **DENIED.**

(2) The City of Clearwater is directed to file an answer on or before January 5, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**